S. LANE TUCKER
United States Attorney

ALANA B. WEBER
STEPHAN A. COLLINS
CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: alana.weber@usdoj.gov
Email: stephan.collins@usdoj.gov
Email: christopher.schroeder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CATHERINE LOUISE PHILLIPS, KAREN SUE KASAK, GUST IVAN ROMIE, PASQUALE LUIGI GIORDANO, APRIL ANGEL FAITH CHYTHLOOK, TWYLA DAWN NETTIE GLOKO, CLOE ELIZABETH SAM, DESIREE MARIE GREEN, KAYTREANA FANNIE LUCILLE GREEN, MICHAEL THOMAS KOHLER, and KRYSTYN LORENZA GOSUK,<br><br>　　　　　　Defendants. | No. 3:24-cr-00006-JMK-MMS<br><br>COUNT 1:<br>CONTINUING CRIMINAL ENTERPRISE<br>　Vio. of 21 U.S.C. § 848(a)<br><br>COUNT 2:<br>CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES<br>　Vio. of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (B), and (C)<br><br>COUNT 3:<br>MONEY LAUNDERING CONSPIRACY<br>　Vio. of 18 U.S.C. § 1956(h) |

COUNTS 4 AND 13:
POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE
  Vio. of 21 U.S.C. § 841(a)(1), (b)(1)(C)

COUNT 5, 6, 7, 8, 9, 10, 11, AND 12:
ATTEMPTED POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE
  Vio. of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C)

CRIMINAL FORFEITURE ALLEGATION 1
  21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

CRIMINAL FORFEITURE ALLEGATION 2
  21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

CRIMINAL FORFEITURE ALLEGATION 3
  18 U.S.C. § 981(a)(1)(A), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

**INDICTMENT**

The Grand Jury charges that:

COUNT 1

Beginning not later than about February 2022, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including November 9, 2023,

within the District of Alaska and elsewhere, the defendant, CATHERINE LOUISE PHILLIPS, unlawfully, knowingly, and intentionally engaged in a Continuing Criminal Enterprise, in that she unlawfully, knowingly and intentionally violated Title 21, United States Code, §§ 841, 843, 846, and 952, which violations and others, including but not limited to, the offenses charged in Counts 2-13 of this Indictment, were part of a continuing series of felony violations of Subchapters I and II of the Controlled Substances Act, Title 21, United States Code, Sections 801, *et seq.*, undertaken by the defendant in concert with at least five other persons with respect to whom she occupied a position of organizer, a supervisory position, and a position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

All of which is in violation of 21 U.S.C. § 848(a).

## COUNT 2

Beginning on a precise date unknown to the Grand Jury, but no later than February 2022, and continuing to November 9, 2023, within the District of Alaska and elsewhere, the defendants, CATHERINE LOUISE PHILLIPS, KAREN SUE KASAK, GUST IVAN ROMIE, PASQUALE LUIGI GIORDANO, APRIL ANGEL FAITH CHYTHLOOK, TWYLA DAWN NETTIE GLOKO, CLOE ELIZABETH SAM, DESIREE MARIE GREEN, KAYTREANA FANNIE LUCILLE GREEN, MICHAEL THOMAS KOHLER, KRYSTYN LORENZA GOSUK, and others both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with one another and with others both known and unknown to the Grand Jury to distribute and possess with the intent to distribute controlled substances, to wit: 1 kilogram or more of a

mixture and substance containing a detectable amount of heroin, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl).

All in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (B), and (C) as to CATHERINE LOUISE PHILLIPS and KAREN SUE KASAK, and 21 U.S.C. §§ 846 and 841(a), (b)(1)(C) as to GUST IVAN ROMIE, PASQUALE LUIGI GIORDANO, APRIL ANGEL FAITH CHYTHLOOK, TWYLA DAWN NETTIE GLOKO, CLOE ELIZABETH SAM, DESIREE MARIE GREEN, KAYTREANA FANNIE LUCILLE GREEN, MICHAEL THOMAS KOHLER, and KRYSTYN LORENZA GOSUK.

## COUNT 3

Beginning on or about a date unknown but by at least January 6, 2021 and continuing through November 9, 2023, within the District of Alaska and elsewhere, the defendants, CATHERINE LOUISE PHILLIPS, GUST IVAN ROMIE, APRIL ANGEL FAITH CHYTHLOOK, TWYLA DAWN NETTIE GLOKO, DESIREE MARIE GREEN, MICHAEL THOMAS KOHLER, and others both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled

substances in violation of 21 U.S.C. § 841(a)(1), with the intent to promote the carrying on of the unlawful distribution of controlled substances, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

All of which is in violation of 18 U.S.C. § 1956(h).

## COUNT 4

On or about March 2, 2022, within the District of Alaska, the defendant, MICHAEL THOMAS KOHLER, did knowingly and intentionally possess with intent to distribute heroin and methamphetamine.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## COUNT 5

Beginning on or about July 14, 2022, and continuing until on or about July 25, 2022, within the District of Alaska, the defendant, KAREN SUE KASAK, did knowingly and intentionally attempt to possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## COUNT 6

Beginning on or about July 14, 2022, and continuing until on or about July 17, 2022, within the District of Alaska, the defendant, APRIL ANGEL FAITH CHYTHLOOK, did knowingly and intentionally attempt to possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## COUNT 7

Beginning on or about September 22, 2022, and continuing until on or about September 29, 2022, within the District of Alaska, the defendants, TWYLA DAWN NETTIE GLOKO and CLOE ELIZABETH SAM, did knowingly and intentionally attempt to possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl), and heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## COUNT 8

Beginning on or about September 22, 2022, and continuing until on or about September 29, 2022, within the District of Alaska, the defendant, MICHAEL THOMAS

KOHLER, did knowingly and intentionally attempt to possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl), and heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## COUNT 9

Beginning on or about November 26, 2022, and continuing until on or about December 19, 2022, within the District of Alaska, the defendant, KAREN SUE KASAK, did knowingly and intentionally attempt to possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## COUNT 10

Beginning on or about November 28, 2022, and continuing until on or about December 19, 2022, within the District of Alaska, the defendant, KAREN SUE KASAK, did knowingly and intentionally attempt to possess with intent to distribute methamphetamine.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## COUNT 11

Beginning on or about December 1, 2022, and continuing until on or about December 6, 2022, within the District of Alaska, the defendant, DESIREE MARIE GREEN, did knowingly and intentionally attempt to possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## COUNT 12

Beginning on or about December 19, 2022, and continuing until on or about January 4, 2023, within the District of Alaska, the defendant, DESIREE MARIE GREEN, did knowingly and intentionally attempt to possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## COUNT 13

On or about January 24, 2023, within the District of Alaska, the defendant, KRYSTYN LORENZA GOSUK, did knowingly and intentionally possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl).

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## CRIMINAL FORFEITURE ALLEGATION 1

Upon conviction of the offense alleged in Count 1, the defendant, CATHERINE LOUISE PHILLIPS, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 853 any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and any of her interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

All pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

## CRIMINAL FORFEITURE ALLEGATION 2

Upon conviction of the offenses alleged in Counts 2 and 4-13, the defendants, CATHERINE LOUISE PHILLIPS, KAREN SUE KASAK, GUST IVAN ROMIE, PASQUALE LUIGI GIORDANO, APRIL ANGEL FAITH CHYTHLOOK, TWYLA DAWN NETTIE GLOKO, CLOE ELIZABETH SAM, DESIREE MARIE GREEN, KAYTREANA FANNIE LUCILLE GREEN, MICHAEL THOMAS KOHLER, and KRYSTYN LORENZA GOSUK, shall forfeit to the United States pursuant to 18 U.S.C. § 853 any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violations; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

All pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

## CRIMINAL FORFEITURE ALLEGATION 3

Upon conviction of the offense alleged in Count 3, defendants, CATHERINE LOUISE PHILLIPS, GUST IVAN ROMIE, APRIL ANGEL FAITH CHYTHLOOK, TWYLA DAWN NETTIE GLOKO, DESIREE MARIE GREEN, and MICHAEL THOMAS KOHLER, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) any property, real or personal, involved in the offense and any property traceable to such property.

All pursuant to 18 U.S.C. § 981(a)(1)(A), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

If the forfeitable property identified in Criminal Forfeiture Allegations 1, 2, and 3, as a result of any act or omission of defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c)

A TRUE BILL.

    s/ Grand Jury Foreperson
    GRAND JURY FOREPERSON

s/ Alana B. Weber
ALANA B. WEBER
Assistant U.S. Attorney
United States of America

s/ Kate Vogel for
S. LANE TUCKER
United States Attorney
United States of America

DATE:    1/17/2024